UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID ACOSTA,
ELIZABETH ACOSTA,

        Plaintiffs,

-vs-                                      Case No. 6:05-cv-581-Orl-28JGG

ALEGIS GROUP, LP,
SHERMAN ACQUISITION L.P.,
CAPITAL MANAGEMENT SERVICES,
INC.,
MARY MARTIN,
FREDERICK J. HANNA & ASSOCIATES,
P.C., DENNIS E. HENRY,

        Defendants.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | DEFENDANTS ALEGIS GROUP, LP AND SHERMAN ACQUISITION, LP'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT OR ALTERNATIVELY FOR SUMMARY JUDGMENT (Doc. No. 52) |
| FILED: | December 16, 2005 |
| THEREON it is RECOMMENDED that the motion be DENIED. | |

    Defendants, Alegis Group, LP ("Alegis") and Sherman Acquisition, LP ("Sherman"), purport

to seek enforcement of a settlement agreement or, alternatively, move for summary judgment.

## I. THE LAW

Local Rule 3.01(a) requires that "[i]n making any written motion... the moving party shall file and serve with such motion . . . a brief or legal memorandum with citation of authorities in support of the relief requested." Unless requested by the Court, parties should not file or serve any other legal memoranda directed to the issue, aside from the brief or legal memorandum in opposition to the relief requested. Local Rule 3.01(b).

The Case Management and Scheduling Order in this case not only requires parties to comply with the Local Rules, but also specifically requires parties seeking summary judgment to "specify the material facts as to which the moving party contends there is no genuine issue for trial." Docket No. 11 at 6, ¶ II(H)(1). Motions for summary judgment must be accompanied by a memorandum of law. *Id.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593 - 94 (11th Cir. 1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits, and to move for summary judgment on the

case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant, and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989); *Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir. 1995), quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988).

## II. ANALYSIS

Alegis and Sherman filed the motion to enforce the settlement agreement and for summary judgment on December 16, 2005. Docket No. 52. This motion seeks enforcement of the settlement agreement and summary judgment (Docket No. 52), but fails to comply with Local Rule 3.01 and the Case Management Scheduling Order at Docket No. 11. The "motion," in its entirety, is two sentences in which Alegis and Sherman neither make any legal argument nor include a single citation in support of their requests. *See* Docket No. 52. Alegis and Sherman do not specify any material facts as to which they contend there is no genuine issue for trial. Rather, they attach several affidavits and exhibits in the hope that the Court will sift through the attachments, and invent successful arguments in their favor. Defendants Alegis and Sherman provide no explanation or argument as to how the documents support their requests. *See* Docket Nos. 53-55. Moreover, Alegis and Sherman filed no memorandum of law along with the motion. *Id.*

On December 19, 2005, Plaintiff David Acosta, proceeding *pro se*, filed and served electronically a response in opposition (Docket No. 58) and a supporting legal memorandum (Docket No. 59). Five days after Plaintiff David Acosta filed his memorandum in opposition, Alegis and Sherman filed a memorandum "in support of their motion." Docket No. 79. Alegis and Sherman did not first seek leave of the Court as required by Local Rule 3.01(a). On December 29, 2005, Alegis and Sherman, again without permission by the Court, filed a "reply" to Plaintiff's response in opposition. Docket No. 84.

The motion fails to show entitlement to summary judgment or any other relief requested. It is therefore **RECOMMENDED** that Defendants Alegis Group, LP and Sherman Acquisition, LP's Motion to Enforce the Settlement Agreement or Alternatively for Summary Judgment (Docket No. 52) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Parties
District Courtroom Deputy